FRUGÉ, Judge.
This is an action for personal injuries arising out of a multi-automobile accident occurring on a rural highway. This suit was brought by a passenger for herself and for the use and benefit of her minor daughter.
This suit was consolidated for trial with a companion case arising out of the same accident. Huffman v. State Farm Mutual Automobile Insurance Co. et al., 247 So.2d 591 (La.App. 3rd Cir., 1971).
The accident occurred at night during moderate rainy and in foggy weather conditions. John F. Jones, accompanied by a friend and a small youth, had been out trying to secure a boat to use on a duck hunt. They had been at the site where the boat was kept and could not locate the custodian of the boat and were returning to Pineville, westerly along Route 28. They still had some expectations of making the duck hunt and were watching for the custodian of the boat on the return trip, hoping to see him and obtain the boat. Just before they reached the Flaggon Falls intersection on Highway 28, one of the passengers spotted the custodian of the boat going in the opposite direction, and Mr. Jones made a maneuver which had all the characteristics of a U-turn by swinging off of the right hand side of the road into a portion of Flaggon Falls road and swinging back and to the left onto the Highway 28, proceeding back in an easterly direction. Mr. Joe T. Huffman, proceeding along Highway 28, coming from the west, proceeding in an easterly direction, came up on the Jones car and was unable to avoid a collision and collided with the left rear portion of Mr. Jones’s car. . His automobile immediately swung to the left with the rear going clockwise into the west-bound lane of Highway 28. A vehicle driven by Mr. Clifford B. Price, in which plaintiffs, Eligía Gentleman Kadlec, and her minor daughter were riding as passengers, happened upon the scene from the east at approximately the time the Huffman car was spinning from the force of the impact, and the Price vehicle collided with the left side of the Huffman vehicle, when it came into the west-bound lane. Shortly thereafter, a vehicle driven by Mr. Alfred S. Bordelon, also proceeding in a westerly direction on Highway 28, collided with the rear portion of the Price vehicle.
Mrs. Kadlec sued Mr. Jones and his insurer, State Farm Mutual, and Mr. Borde-lon and his insurer, Allstate Insurance Company for personal injuries on behalf of herself and her daughter. Huffman was joined by Jones as a third-party defendant. In a separate suit, Huffman sued Jones and his insurer, State Farm Mutual, for personal injuries. State Farm Mutual in a re-conventional demand sued Mr. Huffman by subrogation under its collision policy with Jones, who also joined for the $100 deductible paid under that policy.
*588 The trial court found that Mr. Jones was negligent for proceeding into the highway without adequate assurance that no vehicles were approaching at a distance which could result in an accident, and that his negligence was the sole proximate cause of the accident and held him liable for personal injuries to Mrs. Kadlec and her minor daughter, and also for personal injuries to Mr. Huffman. The court rejected the plaintiff, Kadlec’s petition requesting a finding of the negligence on the part of Mr. Bordelon, and found Mr. Bordelon was not negligent. The court rejected defendant Jones’s contention that Mr. Huffman was precluded by his own contributory negligence from seeking and obtaining an award for personal injuries. Also, the court rejected the third-party action and reconventional demand against Mr. Huffman.
Defendant, Jones, and his insurer, have appealed from the judgment contending that Mr. Jones was not negligent, and that the court erred in its failure to find that Mr. Huffman was negligent and that his negligence was the proximate cause of the accident or that he was contributorily negligent. They have also appealed from the finding that Mr. Bordelon was not negligent. Appellants, Jones and State Farm, also contend that the awards made to Mrs. Kadlec for her injuries and for use and benefit of her minor daughter; and also, the award to Mr. Huffman were manifestly excessive. Plaintiff, Kadlec, has taken a devolutive appeal from that portion of the judgment finding Bordelon free of negligence. Plaintiff, Huffman, has answered the appeal and has prayed for an increase in his award. We affirm.
Mr. Jones insists he had complied with all of the standards applicable to one entering a favored highway for he had pulled completely off of the highway into Flaggon Falls road and had come to a complete stop and checked for approaching cars before proceeding back onto Highway 28. In that instance, the rule he asserts would have been the correct one to apply; but, however, in this situation, there is substantial evidence upon which one could base a different finding of facts. Principally, that Mr. Jones did not come to a complete stop and check the highway for approaching traffic. If he did not come to a complete stop, then his actions could be none other than a full U-turn, obviously not following in the realm of the law that he has argued to us. Even if Mr. Jones did come to a complete stop, there is evidence that his vision was hampered by the existence of a building and a parked log truck on his side of the road which prevented him from adequately surveying the highway to his right in the direction which Mr. Huffman was coming. In either situation, Mr. Jones was negligent so it is unimportant for us to determine which actually did happen. There is sufficient evidence on which to base a finding of either.
Mr. Jones testified that he came to a full stop, looked to the right and to the left, saw a car coming on the left, permitted it to pass, and then pulled back onto the highway. Mr. Lee, who was a passenger in the Jones’s vehicle, testified that he also looked to the right and did not see anything. He did not see the approaching car. This may be true because an independent eyewitness, Mr. Wiggins, who had approached from the north on Flaggon Falls road came up to the intersection while the accident was in progress and testified that true, one could not see a car coming from the right because of obstructions, not because there was not another car coming. There was an abandoned store building on the northwest corner of the intersection, and a loaded log truck was parked there near the highway which almost completely obstructed the view of the highway to the right. Mr. Wiggins, himself, did not see the Huffman automobile coming because of the obstructions, but saw the lights of the car. It was almost impossible to see the car because the highway was not clearly visible from that part of the intersection. This same witness also testified that the Jones’s car did not come to a full stop, but *589 that it swung off the highway, then slowly made a complete U-turn and pulled hack onto the highway. It was in this position when the Huffman car came upon it and collided with it. Mr. Huffman testified that he did not see the car until after it had pulled onto the highway from behind a log truck, parked on the side of the highway. In this instance, the trial court was correct in finding that Jones was negligent for entering or re-entering the highway without properly ascertaining whether the highway was clear. If Jones had found himself behind the log truck without being able to check the highway to his right, under these obscured weather conditions with the fog and the rain, he should have pulled the car into a different position where he could have seen that there was no approaching traffic from the right.
The trial court found, and we agree, that there was insufficient evidence on which to conclude that Mr. Huffman was, in fact, negligent. The defendant, Jones, made a desperate attempt to prove that Mr. Huffman was driving under the influences of alcohol and for that reason was negligent, and this negligence precipitated the accident. However, there is very little evidence to support this. Mr. Huffman admitted having a beer shortly before the accident, and at the time of the accident had an unopened bottle of wine in his automobile. The state trooper who investigated the accident said he did notice a trace of alcohol on Mr. Huffman’s breath, but it was insubstantial. Mr. Jones attempted to establish that there was a smell of alcoholic vomit in the automobile after the accident, but this could hardly mean that he was intoxicated because there was no indication that the vomit actually resulted from the accident or any indication that the vomit was not already in the automobile prior to the accident. In any event, he was the only witness that could testify that there was such a smell in the automobile.
Mr. Huffman was approaching from the west and came into a small dip. He came up out of the dip in time to see the Jones’s car as it was pulling onto the highway. He did not see the Jones’s vehicle in time to avoid colliding with it. Mr. Huffman was driving with only one of his low beams operating. He was not at fault for having his low beams on and the fact that he only had one light does not make him so negligent that he was responsible for the accident. The only testimony that Mr. Huffman was driving an excessive rate of speed was that of one of the passengers in the Jones’s car, Mr. Lee, who testified Huffman was going more than 60 miles per hour. Mr. Lee was looking backwards at the time he made the estimate, and the car approaching him was a relatively short distance behind him. He probably could not have been looking at it long enough to establish a reliable estimate of its speed. A friend of Mr. Huffman’s testified that he had passed Mr. Huffman shortly before the accident and had followed Mr. Huffman several miles, and testified that Mr. Huffman was not going very fast at the time he passed him just shortly before the accident. Mr. Huffman testified he was not going very fast, principally because he only had one low beam operating, and the weather conditions were such that he could not see for any great distance. There is ample evidence to support the trial judge’s finding that Huffman was free of negligence.
Bordelon came upon the accident a few minutes after it had occurred. He testified he was not proceeding very fast, that he saw the lights from the Jones’s vehicle on the highway before he got there, and he could not tell where the car was positioned, but thought that it was approaching him on the highway. The lights were shining upon him and obscured his vision. By the time he saw the accident and realized there was an obstruction in the highway, it was too late for him to stop. He attempted to stop, but could not completely stop before hitting the Price vehicle. He slid into the rear of the Price vehicle and moved it some six feet. The evidence does *590 not show negligence on the part of Mr. Bordelon. He was driving on an open highway and, even in the existing weather conditions, had no reason to expect to find an automobile stopped in his lane of the highway. He had no advance warning of the obstruction and could not see far enough ahead to see the accident before he got there. The evidence does not show he was traveling at an excessive rate of speed. On the basis of these facts, we cannot conclude that the trial court was in error in failing to find Mr. Bordelon negligent.
Defendant Jones, and his insurer, also dispute the award given by the trial court. Mrs. Eligia G. Kadlec was given $3,750 for her personal injuries, $50.00 for loss of earnings and $110.35 for special damages. At the time of the accident, Mrs. Kadlec was rendered unconscious for several minutes. She was taken to the emergency room at the hospital where she was seen by Dr. Prevost. Dr. Prevost found a contusion of the left shoulder and a fracture to the left fourth rib on his examination. She was given a rib belt to wear and was allowed to go home. He stated that she had possibly another rib fracture and a contusion or bruise on the left breast or the left interior chest. His opinion was that at that time she could expect disability from performing her services as a waitress and household duties for approximately three to four weeks at least.
Mr. Lowrey, an Alexandria orthopedic surgeon, examined Mrs. Kadlec on December 18, 1969, almost a year after the accident. He found a healed rib fracture of the second rib on the left, the possibility of a healed fracture on the fourth rib. He further testified that Mrs. Kadlec complained of pain over the rib cage and below the shoulder blades the time he saw her, but he could not in any way conclude that any of this manifestation of pain was exaggeration, nor could he find any other discrepancies in the statements made to him by Mrs. Kadlec. His opinion was that it was not too uncommon to have a muscular and soft tissue injury caused by an automobile accident to extend over a year or more.
Mrs. Kadlec testified that she had bruises on her arms and chest and shoulder, and that they lasted approximately two months before disappearing. She had difficulty breathing and considerable pain for approximately two months. It was at least three months after the accident before she could resume normal activities such as caring for her children and performing household chores. She was required to wear a rib belt for approximately two months after the accident. However, during this period, she only permitted herself the leisure of one weeks absence from work and felt compelled to return to work even though experiencing pain for she felt obligated to provide support for herself and her two minor children. She suffered this pain and discomfort and disregarded her own safety in order to provide for her children. At the time of the trial, Mrs. Kadlec was still suffering intermittently from the injuries she had sustained from the accident. We think the award given was a proper award.
Mrs. Kadlec was also allowed $500 for her minor daughter, also injured in the accident. The injuries Rurala Kadlec sustained were general abrasions, contusions, and lacerations, and more seriously, lacerations of the tongue which required sutures. We do not find that this award was excessive.
For the foregoing reasons, the judgment appealed from is affirmed. The costs to be paid by John F. Jones and State Farm Mutual Automobile Insurance Company, defendants and appellants.
Affirmed.